UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CENTURY SURETY COMPANY | CIVIL ACTION |
| VERSUS | NO. 26-1164 |
| JOHN WOMACK ET AL. | SECTION "D" (3) |

**ORDER AND REASONS**

Plaintiff, Century Surety Company ("Century"), filed a Motion for Leave to Amend its Complaint for Declaratory Judgment (R. Doc. 21). Defendants have not filed an opposition and the time to do so has expired. Having considered the submissions of counsel, the record, and the applicable law, the Court grants the Motion for Leave to Amend its Complaint for Declaratory Judgment.

On June 1, 2026, Century filed a lawsuit seeking a declaratory judgment as to its rights and obligations under an insurance policy, number CCP 1291501, issued to defendant JJMC1 LLC d/b/a/ Meineke Car Care Center #2857 ("JJMC1").[1] Specifically, Century seeks a determination that it has no duty to defend or indemnify defendants John Womack or JJMC1 from claims asserted by defendants David Burley and Susannah Burley (the "Burleys") in an underlying state court action.[2] On August 3, 2026, the Burleys filed a motion to dismiss, requesting the Court find it lacked subject matter jurisdiction under the Declaratory Judgment Act and

[1] R. Doc. 1
[2] *Id.*

*Brillhart*.[3] Instead, the Burleys argue, the state court should adjudicate all relevant matters for judicial efficiency and fairness.[4] Century now moves pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint that adds a claim for restitution and claims against additional defendants.

Under Rule 15(a)(2), if more than 21 days have passed after service of a responsive pleading, then the party may amend its pleading only with the opposing party's written consent or the court's leave. The court "should freely give leave when justice so requires."[5] The language of Rule 15(a)(2) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of Louisiana v. Harry L.L. Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Although leave to amend is to be freely given under Rule 15(a)(2), "that generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

---

[3] R. Doc. 16-1 (citing 28 U.S.C. § 2201(a) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)).
[4] *Id.*
[5] Fed. R. Civ. P. 15(a)(2).

party by virtue of allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). "Absent a 'substantial reason' … 'the discretion of the district court is not broad enough to permit denial.'" *Id.* (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).

Each of the Rule 15 factors weighs in favor of amendment. The parties are in the early stages of litigation. A scheduling order has not yet been entered. And while the proposed pleading adds both a new claim for restitution and new parties, defendants will have ample time to exchange and review discovery such that there is no undue prejudice. The new claim Century seeks to add addresses issued raised by the Burleys' August 3, 2026, motion to dismiss, and Century filed its motion for leave to file its opposition out of time on September 25, 2026.[6] Century filed this Motion on October 5, 2026.[7] The undersigned finds no undue delay and futility is not at issue.

For the reasons set forth above,

**IT IS ORDERED** that the Motion (R. Doc. 21) is **GRANTED**. Century's proposed Amended Complaint (R. Doc. 21-2) shall be filed in the record.

New Orleans, Louisiana, this 27th day of October, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

[6] R. Doc. 20. Granted on October 15, 2026. R. Doc. 23.
[7] R. Doc. 21.